# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3978
_____

JAMES WAVERLY STEEL,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Duval County.
Mark Borello, Judge.

March 20, 2019

B.L. THOMAS, C.J.

Appellant challenges the trial court's order denying postconviction relief.  For the reasons set forth below, we affirm.

In January 2011, Appellant was convicted of three counts of sexual battery and sentenced to thirty years in prison on each count, to run concurrent.  Before trial, the State noticed its intent to use the collateral crime evidence that eight other victims, all middle-aged women of the same race who were either mentally disabled or involved in drug transactions that made them particularly vulnerable, were sexually assaulted within a three-block radius, and that three of the attacks occurred within a time period of several weeks.  The State also pointed out the similar modus operandi in the attacks; for example, four of the victims

indicated that their attacker threatened that he had recently been in prison and was not afraid of returning.

At trial, the victim in this case identified Appellant in open court as the man who raped her. She testified that Appellant initially attempted to converse with her, then followed her as she walked home alone. She testified that he then punched her in the face and took her behind a flight of stairs in a closed building, where he yelled at her and accused her of being racist for not giving him a cigarette. She testified that he then took her to a gated dumpster area behind a Dollar Store and raped her, telling her that he intended to kill her. The State's DNA analysts testified that DNA recovered from the victim's rape kit was a 99.9% match to Appellant, amounting to 1 in 19,000 African-Americans. A victim of one of the collateral attacks took the stand and identified Appellant as her assailant in a rape that occurred four days prior to the charged offense. That witness testified that Appellant punched her and dragged her into a gated dumpster area, where he raped her. Appellant was found guilty as charged and sentenced to thirty years in prison. This Court per curiam affirmed Appellant's convictions and sentence. *Steel v. State*, 86 So. 3d 1122 (Fla. 1st DCA 2012).

Also in 2011, in a separate jury trial involving a different victim, Appellant was convicted of two counts of sexual battery and one count of kidnapping. He was sentenced to thirty years in prison on the sexual battery counts, and life in prison on the kidnapping count. His sentences were to run consecutive to the thirty-year sentence that was imposed following the January 2011 trial. This Court per curiam affirmed Appellant's convictions and sentences. *Steel v. State*, 88 So. 3d 939 (Fla. 1st DCA 2012).

In 2013, Appellant filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, raising eleven claims of ineffective assistance of counsel. The trial court summarily denied the motion, and this Court granted Appellant a belated appeal. On appeal, Appellant abandoned several of the claims raised in his rule 3.850 motion, arguing only that: 1) defense counsel was ineffective for failing to challenge the victim's in-court identification; 2) defense counsel was ineffective for failing to preserve Appellant's right to a speedy trial; 3) an

evidentiary hearing was necessary to determine if defense counsel was ineffective for not objecting to the collateral crime evidence; 4) defense counsel was ineffective for failing to object to a jury panel of one black man and five white women; and 5) an evidentiary hearing was necessary to determine if defense counsel was ineffective for failing to challenge the State's treatment of possibly exculpatory DNA evidence.

*Analysis*

"[A] defendant is entitled to an evidentiary hearing on a postconviction relief motion unless (1) the motion, files, and records in the case conclusively show that the prisoner is entitled to no relief, or (2) the motion or a particular claim is legally insufficient." *Freeman v. State*, 761 So. 2d 1055, 1061 (Fla. 2000). To raise a viable ineffective assistance of counsel claim, an appellant must allege that the specific acts or omissions by counsel fell below a standard of reasonableness under prevailing professional norms, and that the appellant was prejudiced by those acts or omissions such that the outcome of the case would have been different if not for the acts or omissions. *Strickland v. Washington*, 466 U.S. 668, 692 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Appellant's first claim is that defense counsel provided ineffective assistance by failing to object to the victim's in-court identification, or by failing to have that identification suppressed prior to trial. Appellant insists that the victim's in-court identification was inadmissible, as the victim was unable to identify Appellant in a pretrial photographic lineup.

In *Fitzpatrick v. State*, the supreme court held that "[a]n in-court identification may not be admitted 'unless it is found to be reliable and based solely upon the witness' independent recollection of the offender at the time of the crime,' uninfluenced by any intervening illegal confrontation." 900 So. 2d 495, 519 (Fla. 2005) (quoting *Edwards v. State*, 538 So. 2d 440, 442 (Fla. 1989)). One of the factors to consider is a failure to identify the defendant on a prior occasion. *Id.* "It is the State's burden to demonstrate by

3

clear and convincing evidence that the courtroom identification had an independent source[.]" *Id.* In *Fitzpatrick*, the victim's testimony at trial demonstrated that he had an independent recollection, as the victim testified that the defendant had been in his house for ten to fifteen minutes and conversed with him. *Id.*

Here, there was nothing unduly suggestive about the victim's in-court identification of Appellant, nor does Appellant point to anything suggestive or improper about the procedures used in the attempt to obtain an out-of-court identification. *Cf. id.* at 520 ("Fitzpatrick cannot sustain the argument that [the witness'] viewing the photo array prior to the suppression hearing unduly bolstered her identification."). Like in *Fitzpatrick*, the victim here testified to a lengthy encounter with Appellant and that he conversed with her before and during the attack. This satisfies the requirement that the victim's in-court identification was based on her independent recollection.

As the State presented sufficient evidence that the victim had an independent recollection for her in-court identification, any objection to that identification would have been futile. Thus, defense counsel was not deficient for failing to object. *See Willacy v. State*, 967 So. 2d 131, 140 (Fla. 2007) ("counsel is not ineffective for failing to make a futile objection").

Appellant's second claim is that defense counsel's failure to preserve the right to a speedy trial deprived Appellant of his due process and equal protection rights.

> (A)n attorney may waive speedy trial without consulting the client and even against the client's wishes. Thus, if the right to speedy trial may be waived without consulting the defendant, counsels' waiver here cannot be considered an error, let alone one that is "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

*McKenzie v. State*, 153 So. 3d 867, 875 (Fla. 2014) (internal citations omitted) (quoting *Strickland*, 466 U.S. at 687).

Because defense counsel was permitted to waive Appellant's speedy trial rights without consulting Appellant, the allegations

4

against defense counsel do not demonstrate a deficiency rising to ineffective assistance. Moreover, there was no prejudice, for although Appellant argues that the State "would not have had time to conjure up" collateral crime witnesses, if his case had gone to trial sooner, the victim identified Appellant as her attacker in open court and the State's DNA analysts testified that DNA collected from the victim was a 99.9% match to Appellant. Based on this evidence, there is no reasonable probability that the outcome of the trial would have been different absent the collateral crime evidence. *Strickland*, 466 U.S. at 694 ("A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

Appellant's third claim is that the collateral crime evidence was not sufficiently similar such as to be admissible, and that defense counsel was ineffective for failing to object to it. As an ineffective assistance claim, this argument is conclusively refuted by the record, as defense counsel objected to the collateral crime evidence before and during trial and challenged its admission in the motion for new trial. As a challenge to the admissibility of the evidence, this issue was raised on direct appeal, and this Court affirmed the conviction. *Steel*, 86 So. 3d 1122. Appellant may not simply couch the same argument as an ineffective assistance claim in order to reargue the matter. *See Arbelaez v. State*, 775 So. 2d 909, 915 (Fla. 2000). Because Appellant's claim is procedurally barred as an evidentiary challenge and is conclusively refuted by the record as an ineffective assistance claim, we affirm the trial court's summary denial of postconviction relief as to this claim.

Appellant's fourth claim is that defense counsel was ineffective for failing to object to a jury panel consisting of one African-American man and five white women. Rather than point to any racial bias from individual jurors, Appellant argues that any jury with five white jurors is inherently racially biased.

When a juror indicates during voir dire that he or she can be fair and impartial, the record will not demonstrate prejudice under *Strickland* that a biased juror served on the jury, and no evidentiary hearing is needed. *Jenkins v. State*, 824 So. 2d 977, 983 (Fla. 4th DCA 2002). Here, the transcript of the jury selection proceedings reveals that none of the jurors who served indicated

5

they were unable to be fair or impartial, and none made any statement indicating a racial bias. As the record demonstrates no juror bias against Appellant, defense counsel was not ineffective for failing to object to the jury.

Appellant's final argument is that the trial court should have held an evidentiary hearing to determine whether defense counsel was ineffective for failing to investigate the State's destruction or mishandling of cigarette butts found at the crime scene, which potentially contained exculpatory DNA evidence. In *Freeman*, the supreme court held that the defendant could not argue that the State failed to properly investigate a crime scene, because "(c)omplaints about the State's treatment of the physical evidence should have been raised on direct appeal; therefore, they are procedurally barred in collateral proceedings." 761 So. 2d at 1063. As to whether a defense attorney can be ineffective for not challenging such a failure by the State, the supreme court held that there was no error in denying an ineffective assistance claim, without an evidentiary hearing, where the defense attorney had argued the issue in opening statement, cross-examination, and closing argument. *Id.*

Appellant argues that cigarette butts found at the crime scene might have contained DNA from a person other than Appellant. As in *Freeman*, this is a challenge to the State's treatment of physical evidence, and it is procedurally barred. *Id.* Defense counsel, like the attorney in *Freeman*, discussed this issue during opening statements and informed the jury that Appellant's DNA was not found on cigarette butts recovered at the scene. Therefore, Appellant's claim is conclusively refuted by the record.

Because all of Appellant's claims are procedurally barred, legally insufficient, or conclusively refuted by the record, the trial court did not err in summarily denying postconviction relief.

AFFIRMED.

ROBERTS and OSTERHAUS, JJ., concur.

6

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


James Waverly Steel, pro se, Appellant.

Ashley B. Moody, Attorney General, Trisha Meggs Pate, Tallahassee Bureau Chief, Criminal Appeals, Tallahassee, for Appellee.